Tamisha Latimore
1025 Nevin Ave #2024
Richmond, CA 94801
Tel: (510) 543-1159
Email: Tamisha.Latimore@gmail.com

Pro Se Plaintiff

FILED
AUG 30 2022
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

Tamisha Latimore

    Plaintiff,

vs.

DISCOVER BANK

    Defendant.

Case Number: C22-04959

COMPLAINT

### COMPLAINT

Tamisha Latimore (hereinafter Plaintiff) proceeding pro se and alleging the following against DISCOVER BANK.

### INTRODUCTION

This action arises out of the Defendant's violation of the Equal Credit Opportunity Act, 15 U.S.C. 1691 et seq. ("ECOA"). Plaintiff seeks to have an Order of injunction issued by this Court preventing Defendant from continuing its violative behaviors.

### JURISDICTION AND VENUE

1. This court has jurisdiction over this complaint pursuant to 28 U.S.C. 1331 and 15 U.S.C. 1691.

2. Venue is appropriate in this District pursuant to 28 U.S.C. 1391(b)(2) because a substantial part of events giving claim occurred as Defendant conducts business in this District and 28 U.S.C. 1391(c)(1) because Plaintiff resides in this District.

3. Intradistrict Assignment to the Oakland Division of this Court is appropriate pursuant to Civil Local Rule 3-2(d) because a substantial part of the acts and transactions occurred in Contra Costa County.

## PARTIES

4. Plaintiff, Tamisha Latimore ("Plaintiff") is a natural person who resides in Contra Costa County, State of California.

5. Plaintiff is an applicant as defined by the ECOA (15 U.S.C. 1691a(b)).

6. Plaintiff is a natural consumer as defined by 15 U.S.C. 1692.

7. Defendant, DISCOVER BANK ("Defendant"), is a creditor as defined by 15 U.S.C. 1691a(e). Defendant is an entity who, at all relevant times, was engaged by use of mail, attempting to communicate with Plaintiff.

## FACTUAL ALLEGATIONS

8. Plaintiff was a credit card member with Defendant since August 2018 and has consistently and timely paid the credit card bill each month (See Exhibit A).

9. On or about April 28, 2022, Plaintiff applied for a credit limit increase with Defendant and received a refusal of said credit limit increase.

10. On or about May 10, 2022, by certified mail, Plaintiff wrote a letter of appeal for denial of credit to Defendant (See Exhibit A).

11. On or about May 13, 2022, Defendant received letter of appeal, signed with return receipt (See Exhibit B).

12. On or about May 31, 2022, Plaintiff received written communication from Defendant stating that they have decided to permanently close Plaintiff's account ending in 5217 due to debt validation (See Exhibit C).

13. At no time did Plaintiff request debt validation from Defendant. Plaintiff's credit card account reflected a $0 balance with no debt to validate (See Exhibit D).

14. On or about July 12, 2022, by certified mail, Plaintiff responded to the account closure letter with an adverse action letter to Defendant, asking that they: (a) provide lawful authority of account closure, (b) reopen account with a $30,000 credit limit, (c) adhere to requests in fourteen (14) days of receipt or Plaintiff would pursue legal action (See Exhibit E).

15. The Defendant did not provide adequate or sufficient written notification of adverse action as required by law under the Equal Credit Opportunity Act of the statement of reason(s) for account closure.

16. On or about July 29, 2022 by certified mail Plaintiff sent a final Notice of Default to the Defendant to remedy this matter within three (3) days (See Exhibit F).

17. Despite all attempts to resolve this matter, the Defendant refuses to reopen Plaintiff's account and continue to report account closure on Plaintiff's consumer report.

## COUNT I: VIOLATION OF THE EQUAL CREDIT OPPORTUNITY ACT
## 15 U.S.C. 1691(a)

18. Plaintiff incorporates each of the preceding allegations as stated herein.

19. Defendant violated 15 U.S.C. 1691(a) by discriminating against the Plaintiff with respect to a credit transaction by closing Plaintiff's account after Plaintiff requested a credit limit increase.

20. As a direct and proximate cause of Defendant's actions. Plaintiff has been harmed and suffered undue stress due to loss of credit.

## COUNT II: VIOLATION OF THE EQUAL CREDIT OPPORTUNITY ACT
## 15 U.S.C. 1691(d)(2)

21. Plaintiff repeats and re-alleges each and every allegation herein.

22. Defendant violated 15 U.S.C. 1691(d)(2) because adverse action was taken against Plaintiff for requesting a credit limit increase. Defendant failed to provide Plaintiff with a statement of reasons for such action.

## COUNT III: VIOLATION OF THE EQUAL CREDIT OPPORTUNITY ACT
## 15 U.S.C. 1691(d)(6)

23. Plaintiff repeats and re-alleges each and every allegation herein.

24. Defendant violated 15 U.S.C. 1691(d)(6), by revoking Plaintiff's credit card account.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays for relief and judgment be granted as follows:

a. Adjudging that Defendant violated the Equal Credit Opportunity Act.

     b. Order of injunction for Defendant to reopen and reestablish Plaintiff's credit card account ending in 5217.

     c. Order of injunction for Defendant to award Plaintiff with a $30,000 credit limit.

     d. Order of injunction for Defendant to properly report account ending in 5217 as open and in good standing with the three major Consumer Reporting Agencies including: Experian, Equifax and Trans Union.

     e. Awarding such other and further relief as the Court may deem just and proper.

August 30, 2022

Respectfully submitted,

*/s/ Tamisha Latimore/*

Without Prejudice
Tamisha Latimore
302 S 18th St
Richmond, CA 94804
Tel: (510) 543-1159
Tamisha.Latimore@gmail.com

COMPLAINT
PAGE NO.   4   OF   5

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of August 2022, I served or caused to be served the foregoing document via U.S. Mail on the following:

Discover Bank
c/o CT Corporation System
330 N Brand Blvd, Ste 700
Glendale, CA 91203-2336

COMPLAINT
PAGE NO. 5 OF 5