STROOCK & STROOCK & LAVAN LLP
ARJUN P. RAO (State Bar No. 265347)
NAMI R. KANG (State Bar No. 227954)
2029 Century Park East, 18th Floor
Los Angeles, CA 90067-3086
Telephone:  310.556.5800
Facsimile: 310.556.5959
Email:    arao@stroock.com
          nkang@stroock.com
          lacalendar@stroock.com

Attorneys for Defendant
    DISCOVER BANK

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| TAMISHA LATIMORE,<br><br>    Plaintiff,<br><br>vs.<br><br>DISCOVER BANK,<br><br>    Defendant. | Case No. 3:22-cv-04959-TSH<br><br>[Assigned to Hon. Vince Chhabria]<br><br>**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT OF DEFENDANT DISCOVER BANK**<br><br>Action Filed:  August 30, 2022<br>Trial Date:  None Set |

Defendant Discover Bank ("Discover") hereby answers the Complaint filed by plaintiff Tamisha Latimore ("Plaintiff") as follows:

## INTRODUCTION

Answering the unnumbered paragraph under Introduction of the Complaint, Discover denies that violations of the Equal Credit Opportunity Act, 15 U.S.C. section 1691 ("ECOA") have occurred, denies any liability to Plaintiff, and denies that Plaintiff is entitled to any relief whatsoever. Discover reserves its right to move to compel binding arbitration pursuant to the terms of the parties' written agreement.

## JURISDICTION AND VENUE

1. Answering Paragraph 1 of the Complaint, Discover does not challenge jurisdiction for purposes of this action only, but denies that violations of the ECOA have occurred, denies any liability to Plaintiff, and denies that Plaintiff is entitled to any relief whatsoever. Discover reserves its right to move to compel binding arbitration pursuant to the terms of the parties' written agreement.

2. Answering Paragraph 2 of the Complaint, Discover does not challenge jurisdiction for purposes of this action only, but denies that violations of the ECOA have occurred, denies any liability to Plaintiff, and denies that Plaintiff is entitled to any relief whatsoever. Discover reserves its right to move to compel binding arbitration pursuant to the terms of the parties' written agreement.

3. Answering Paragraph 3 of the Complaint, Discover does not challenge the Intradistrict Assignment for purposes of this action only, but denies that violations of the ECOA have occurred, denies any liability to Plaintiff, and denies that Plaintiff is entitled to any relief whatsoever. Discover reserves its right to move to compel binding arbitration pursuant to the terms of the parties' written agreement.

## PARTIES

4. Answering Paragraph 4 of the Complaint, Discover states that this Paragraph contains no allegations directed to Discover and thus no response is required. To the extent a response is required, Discover lacks knowledge or

1  information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 and, on that basis, denies the allegations contained therein.

5.  Answering Paragraph 5 of the Complaint, Discover states that the allegation in this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Discover states that 15 U.S.C. § 1691a(b) speaks for itself and denies any allegations inconsistent therewith.

6.  Answering Paragraph 6 of the Complaint, Discover states that the allegation in this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Discover states that 15 U.S.C. § 1692 speaks for itself and denies any allegations inconsistent therewith.

7.  Answering Paragraph 7 of the Complaint, Discover states that the allegation in this Paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Discover states that it is a bank chartered by the Office of the Delaware State Bank Commissioner with its principal place of business in Greenwood, Delaware. Discover further states that, as relevant here, it issues and services credit card accounts including by use of mail to communicate with its customers as well as furnishing information to credit reporting agencies. Except as expressly stated, Discover denies the allegations contained in Paragraph 7.

**FACTUAL ALLEGATIONS**

8.  Answering Paragraph 8 of the Complaint, Discover's records reflect that Plaintiff applied for and was issued a credit card account by Discover on or about August 18, 2018. Except as expressly stated, Discover lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 and, on that basis, denies the allegations contained therein.

9.  Answering Paragraph 9 of the Complaint, Discover lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 and, on that basis, denies the allegations contained therein.

LA 52701501

10. Answering Paragraph 10 of the Complaint, Discover lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 and, on that basis, denies the allegations contained therein. Additionally, there is no Exhibit A attached to the Complaint.

11. Answering Paragraph 11 of the Complaint, Discover lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 and, on that basis, denies the allegations contained therein. Additionally, there is no Exhibit B attached to the Complaint.

12. Answering Paragraph 12 of the Complaint, Discover lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 and, on that basis, denies the allegations contained therein. Additionally, there is no Exhibit C attached to the Complaint.

13. Answering Paragraph 13 of the Complaint, Discover lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 and, on that basis, denies the allegations contained therein. Additionally, there is no Exhibit D attached to the Complaint.

14. Answering Paragraph 14 of the Complaint, Discover lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 and, on that basis, denies the allegations contained therein. Additionally, there is no Exhibit E attached to the Complaint.

15. Answering Paragraph 15 of the Complaint, Discover denies the allegations contained therein.

16. Answering Paragraph 16 of the Complaint, Discover lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 and, on that basis, denies the allegations contained therein. Additionally, there is no Exhibit F attached to the Complaint.

17. Answering Paragraph 17 of the Complaint, Discover states that as of the date of this answer, the credit card account issued to Plaintiff is open.  Except as

expressly stated, Discover denies the remaining allegations contained in Paragraph 17.

## COUNT I: VIOLATION OF THE EQUAL CREDIT OPPORTUNITY ACT
## 15 U.S.C. 1691(a)

18. Answering Paragraph 18 of the Complaint, Discover incorporates each of its responses to Paragraphs 1 through 18, as if fully set forth herein.

19. Answering Paragraph 19 of the Complaint, Discover denies the allegations contained therein.

20. Answering Paragraph 20 of the Complaint, Discover denies the allegations contained therein.

## COUNT II: VIOLATION OF THE EQUAL CREDIT OPPORTUNITY ACT
## 15 U.S.C. 1691(d)(2)

21. Answering Paragraph 21 of the Complaint, Discover incorporates each of its responses to Paragraphs 1 through 21, as if fully set forth herein.

22. Answering Paragraph 22 of the Complaint, Discover denies the allegations contained therein.

## COUNT III: VIOLATION OF THE EQUAL CREDIT OPPORTUNITY ACT
## 15 U.S.C. 1691(d)(6)

23. Answering Paragraph 23 of the Complaint, Discover incorporates each of its responses to Paragraphs 1 through 23, as if fully set forth herein.

24. Answering Paragraph 24 of the Complaint, Discover denies the allegations contained therein.

## PRAYER FOR RELIEF

Answering Plaintiff's unnumbered Paragraph titled Prayer for Relief, Discover denies that it engaged in any of the allegedly improper conduct alleged in the Complaint, denies any liability to Plaintiff and denies that Plaintiff is entitled to any of the relief requested therein or any relief whatsoever from Discover, including, without limitation, injunctive relief, or any relief whatsoever from Discover.

# AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise lies with Plaintiff, Discover, as separate and distinct affirmative defenses to the Complaint and all claims alleged therein, alleges as follows on information and belief:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. The Complaint, and each purported claim alleged therein, fails to set forth facts sufficient to state a claim against Discover.

## SECOND AFFIRMATIVE DEFENSE
### (Plaintiff is Not a "Claimant" Under the ECOA)

2. The Complaint, and each purported claim alleged therein, fails as Plaintiff is not a "Claimant" under the ECOA.

## THIRD AFFIRMATIVE DEFENSE
### (Agreement to Arbitrate)

3. The claims alleged by Plaintiff in the Complaint are subject to binding, individual arbitration pursuant to the arbitration provision contained in the agreement governing the account at issue. Discover expressly reserves the right to elect to resolve this matter in arbitration pursuant to the arbitration agreement.

## FOURTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

4. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## FIFTH AFFIRMATIVE DEFENSE
### (Privileged Conduct)

5. The Complaint is barred, in whole or in part, on the grounds that Discover's conduct was subject to a privilege and/or a qualified privilege so as to bar any recovery by Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

### (Laches)

6. The claims of Plaintiff are barred, in whole or in part, by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Injury)

7. Subject to further factual development, including discovery and a deposition of Plaintiff, Discover is informed and believes, and on that basis alleges, that each claim and cause of action set forth in the Complaint is barred, in whole or in part, because Plaintiff suffered no injury as a result of any act or practice of Discover.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

8. Although Discover denies that Plaintiff suffered any damages, to the extent any damages have been suffered, Plaintiff failed to mitigate those damages.

## NINTH AFFIRMATIVE DEFENSE

### (Waiver)

9. The claims of Plaintiff are barred, in whole or in part, by the doctrine of waiver.

## TENTH AFFIRMATIVE DEFENSE

### (Estoppel)

10. The claims of Plaintiff are barred, in whole or in part, by the doctrine of estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Standing)

11. The Complaint is barred, in whole or in part, on the grounds that Plaintiff lacks standing to assert any claims against Discover.

## TWELFTH AFFIRMATIVE DEFENSE

### (Choice of Law)

12. The Complaint, and each claim and cause of action alleged therein, is barred, in whole or in part, because it is based on law other than the governing law contained in the applicable agreement governing Plaintiff's Discover account.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Discharge of Duty)

13. Discover alleges that it has appropriately, completely and fully performed and discharged any and all obligations and legal duties, if any, arising out of the matters alleged in the Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Due Process)

14. The imposition of liability and/or statutory damages under claims sought in the Complaint would violate provisions of the United States Constitution, including the Due Process Clause.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Punitive or Statutory Damages)

15. Plaintiff cannot satisfy statutory requirements to recover punitive or statutory damages, and cannot satisfy the requirements of Safeco Insurance Co. of America v. Burr, 551 U.S. 47 (2007) or analogous principles of California law.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

16. Plaintiff's claim for injunctive relief is barred because Plaintiff cannot establish, among other things, that there is no adequate remedy at law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

17. Plaintiff's claims are barred by the equitable doctrine of unclean hands.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Apportionment)

18. Discover is not legally responsible with respect to the damages that may be claimed by Plaintiff as a result of the matters alleged in the Complaint; however, if Discover is found to be legally responsible in any manner, then it alleges that its legal responsibilities are not the sole and proximate cause of the injuries and the damages awarded, if any, are to be apportioned in accordance with the fault and legal responsibility of all non-Discover parties, persons and entities, or the agents, servants and employees of such non-Discover parties, persons and entities, who contributed to and/or caused said damages, according to proof presented at the time of trial.

### NINETEENTH AFFIRMATIVE DEFENSE

### (Discover's Closure Notice For the Account Satisfied Any Obligations Under ECOA)

19. The Complaint, and each claim and cause of action alleged therein, is barred, in whole or in part, because Discover sufficiently informed Plaintiff of the "specific reason" for its closure of her account in the account closure letter in satisfaction of the ECOA.

### TWENTIETH AFFIRMATIVE DEFENSE

### (Bona Fide Error / Good Faith)

20. The Complaint, and each claim and cause of action alleged therein, is barred, in whole or in part, because any alleged wrongful conduct on the part of Discover, which is assumed only for the purpose of this affirmative defense, was unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid any such error.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Reservation of Rights)

21. Discover expressly reserves the right to assert such other and further affirmative defenses as may be appropriate.

LA 52701501

## **PRAYER FOR RELIEF**

WHEREFORE, Discover requests the following relief:

(1)  That the Complaint be dismissed with prejudice;

(2)  That Plaintiff take nothing from Discover by virtue of the Complaint;

(3)  That judgment be entered in Discover's favor;

(4)  That the Court award Discover its fees, expenses and costs to the full extent permitted by law; and

(5)  That the Court award such other relief as is just and proper under the circumstances.

Dated: October 17, 2022

STROOCK & STROOCK & LAVAN LLP
ARJUN P. RAO
NAMI R. KANG

By: */s/ Nami R. Kang*
      Nami R. Kang

Attorneys for Defendant
DISCOVER BANK

# CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2022, a copy of the **ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT OF DEFENDANT DISCOVER BANK** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

*/s/ Nami R. Kang*
Nami R. Kang